1

**NOT FOR PUBLICATION**

FILED & ENTERED

SEP 02 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Ogier      DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

In re:

REXFORD PROPERTIES, LLC,

                    Debtor.

**Case No.: 1:15-bk-12116-MB**

**Chapter 11**

**MEMORANDUM OF DECISION RE: USF&G'S OBJECTION TO CLAIM NO. 18 FILED BY LEE INVESTMENT COMPANY, LP [Dkt. No. 224]**

**MEMORANDUM OF DECISION**

1    On June 20, 2016, the Court held an evidentiary hearing on United States Fidelity &

2  Guaranty Company's ("USF&G") *Motion for Order Granting Trustee's* [sic] *Objection to Claim*

3  *No. 18 Filed by Lee Investment Company LP* (the "Motion"). Dkt. No. 224.  The Motion requests

4  that the Court disallow the unsecured claim held by Lee Investment Company, LP ("Lee") of

5  $2,280,838.52 in its entirety.  While not requested in the Motion, at the June 20 hearing, USF&G

6  alternatively requested that the Court reduce the Lee's claim rather than disallow it entirely.

7    The following constitute the Court's findings of fact and conclusions of law pursuant to

8  Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure. For reasons discussed herein,

9  the Court will DENY in part and GRANT in part USF&G's Motion.  Lee's claim will be allowed

10  in the amount of $1,294.912.02, plus interest of 4.29%, compounded quarterly, from December 19,

11  2009 to June 16, 2015.  Lee will be directed to submit a declaration setting forth its calculation of

12  the claim in accordance with this memorandum, and USF&G will have an opportunity to object to

13  such calculation before the Court enters its final order determining the allowed amount of Lee's

14  claim as of the petition date.

15              **I.    JURISDICTION**

16    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). Venue in this

17  Court is proper pursuant to 28 U.S.C. § 1409(a).  This matter is a core matter under 28 U.S.C. §

18  157(b)(2)(A) and (B), and therefore, this Court has the constitutional authority to enter a final

19  ruling on the matter. *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

20              **II.    FACTS**

21    On June 16, 2015 (the "Petition Date"), Rexford Properties, LLC ("Rexford") filed its

22  petition for relief under chapter 11 of the Bankruptcy Code. Dkt. No. 1.  On July 21, 2015, Rexford

23  filed its *Schedule F – Creditors Holding Unsecured Nonpriority Claims* showing a debt due to

24  "The Lee Investment Company, a California limited partnership" in the amount of $1,294,912.02

25  for a "Loan (principal only)."  Dkt. No 72.  On August 4, 2015, the Court entered an order setting a

26  general bar date of September 9, 2015 for creditors to file their claims.  Dkt. No. 85.

27    On September 9, 2015, Lee filed a timely proof of claim ("POC 18") for an unsecured debt

28  of $2,280,838.52.  POC 18 includes, as exhibits, an installment note dated December 11, 2009 in

1

**MEMORANDUM OF DECISION**

1  the sum of $1,294.912.02 (the "Lee Note") and an unrecorded deed of trust purportedly securing

2  the Lee Note with an interest in unknown real property (the "Lee DOT").[1]   The Lee Note provides

3  for "interest from December 19, 2009, on the unpaid principal, at the rate of 4.29 percent per

4  annum."  POC 18 at Exh. B.

5       The evidence offered in support of POC 18 shows that the debt memorialized by the Lee

6  Note (the "Lee Debt") originated in 2000.  The charts attached to POC 18 reflect that (i) Lee made

7  several loan advances to Rexford between January 1, 2000 and December 31, 2003 totaling a

8  principal amount of $2,078,640.00, (ii) Rexford made six payments to Lee totaling $942,940.00

9  between November 27, 2000 and December 31, 2003, and (iii) interest accrued on the unpaid debt

10 and was reflected in the principal balance stated in the Lee Note in 2009.  Lisa Ehrlich[2] testified

11 that Lee's debt was finally memorialized in 2009 because a different creditor had demanded that

12 Rexford memorialize its debt, and Lisa Ehrlich thought it "was a very good idea" to memorialize

13 all of Rexford's debts at the same time.

14      The testimony confirms that Lee calculated the balance of POC 18 as of the Petition Date

15 by reviewing Rexford's general ledgers and calculating interest at 4.29% from the inception of

16 loans in 2000.  This exercise resulted in a claim balance of $2,280,838.52.  Notably, however, the

17 Lee Note provides for interest to accrue on the unpaid principal thereunder "from December 19,

18 2009."  Nothing on the face of the Lee Note indicates that any interest was to be added to the

19 balance of the note for any period prior to December 19, 2009.

## III.    APPLICABLE LAW

21     A claim is deemed allowed unless a party in interest objects.  11 U.S.C. § 502(a). If such

22 objection is made, after notice and a hearing, the Court shall allow the claim except to the extent

---

[1]     The Lee DOT indicates that the Lee Note is secured by real property "which has the address of Exhibit 'A'," but no such Exhibit A is attached.  Not surprisingly, Lee does not contend that POC 18 is a secured claim.

[2]     Lisa Ehrlich is both Rexford's managing member and one of Lee's partners.  Lisa Ehrlich also signed POC 18.

**MEMORANDUM OF DECISION**

1 that "such claim is unenforceable against the debtor and property of the debtor, under any

2 agreement or applicable law for a reason other than because such claim is contingent or

3 unmatured."  11 U.S.C. § 502(b)(1).

4        A proof of claim executed in accordance with Fed. R. Bankr. P. 3001 "constitutes prima

5 facie evidence of the validity and amount of the claim."  *Lundell v. Anchor Const. Specialists, Inc.,*

6 223 F.3d 1035, 1039 (9th Cir. 2000) (quoting *Wright v. Holm (In re Holm),* 931 F.2d 620, 623 (9th

7 Cir.1991)).  The proof of claim provides "some evidence as to its validity and amount" and is

8 "strong enough to carry over a mere formal objection without more."  *Id.*  A successful objection to

9 claim must provide sufficient evidence and "show facts tending to defeat the claim by probative

10 force equal to that of the allegations of the proofs of claim themselves." *Id.* (quoting *In re Holm,*

11 931 F.2d at 623).

12        The evidence provided, if believed, must "refute at least one of the allegations that is

13 essential to the claim's legal sufficiency." *Id.* at 1040.  However, where the proof of claim omits an

14 essential element of the substantive claim, the objector "need only note the absence of any such

15 showing, and does not require evidence in support."  *In re Atwood,* 293 B.R. 227, 233 (B.A.P. 9th

16 Cir. 2003).  If sufficient evidence is produced, the burden reverts to the claimant to prove the

17 validity of the claim by a preponderance of the evidence. *Ashford v. Consol. Pioneer Mortg. (In re*

18 *Consol. Pioneer Mortg.),* 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995).

19                    **IV.    LEGAL ANALYSIS**

20        The Motion requests that POC 18 be disallowed in its entirety for two reasons. First,

21 USF&G contends that the Lee Debt is actually debt belonging to Lisa Ehrlich, individually, and not

22 Rexford.  Second, USF&G argues that Rexford's books and records do not support a debt due from

23 Rexford to Lee in the amount reflected in POC 18.  While the Motion does not request a reduction

24 of the Lee Debt, at the June 20, 2016 hearing, USF&G requested that if the Court was not inclined

25 to disallow POC 18 in its entirety, the Court should reduce the Lee Debt from $2,280,838.52 to the

26 principal amount provided for in the Lee Note, $1,294,912.02.

27

28

**MEMORANDUM OF DECISION**

**A.  The Lee Debt is a Debt Incurred by Rexford, Not Lisa Ehrlich.**

The Motion contends that the Lee Debt actually belongs to Lisa Ehrlich, individually, and that it is not Rexford's debt.  USF&G argues that there is absolutely no mention of Rexford anywhere in the Lee Note.  Moreover, the Lee Note is signed by Lisa Ehrlich and states, "*I* promise to pay Lee Investment Co LP . . ." (emphasis added).  However, the Court finds this argument unpersuasive and that USF&G has failed to rebut the prima facie presumption that POC 18 is valid.

Under California law,[3] a note and deed of trust must be read and construed together.  *In re Crystal Properties, Ltd., L.P.*, 268 F.3d 743, 750 (9th Cir. 2001).  USF&G is correct in that the Lee Note does not reference Rexford in any way.  However, the Lee Note does state, "This note is secured by a Deed of Trust . . . ," and the Lee DOT does state that the trustor is "Rexford Properties LLC."  Moreover, the Lee DOT references the exact amount stated in the Lee Note and also is signed by Lisa Ehrlich.  Lisa Ehrlich testified that the Lee Debt was always intended to be Rexford's debt and that Court found that testimony credible.  Under these circumstances, the Court concludes that the debt is that of Rexford and not Lisa Ehrlich individually.

**B.  Rexford's Books & Records Support the Validity of the Lee Debt.**

The Motion further contends that the books and records of Rexford do not support the amount of the claimed in POC 18.  First, USF&G argues that in January 2006, Lee's books and records show an adjusting journal entry zeroing out any amounts due and owing from Rexford.  On this basis, USF&G asserts that Rexford no longer owes any debt to Lee.  But the Court finds this argument unpersuasive.  The testimony adduced at the June 20 hearing shows that Rexford's books and records at all times have reflected a debt due and owing to Lee.  Lisa Ehrlich explained that the book entry cited by USF&G moved the debt to a suspense account but that the debt was not "zeroed out."  Although Lisa Ehrlich did not recall the reason for the book entry, the Court found her explanation credible.

---

[3]    California law applies because the Lee DOT includes a provision that states that it is governed by "Federal law and the law of the jurisdiction in which the Property is located."  Lisa Ehrlich testified that the "Property" to which the Lee DOT refers is the Island Waterpark located in Fresno, California.

4
**MEMORANDUM OF DECISION**

1    Second, USF&G argues that as of December 31, 2013, Rexford's books and records

2    showed and obligation due and owing to Lee in the amount of $1,294,912.00.  USF&G attempts to

3    cast doubt on the legitimacy of the debt by arguing that the discrepancy between the amount

4    claimed in POC 18 and the amount stated due and owing on December 31, 2013 cannot be

5    explained solely by the accumulation of interest.  On this basis, USF&G requests that the Court

6    disallow POC 18 in its entirety.  But the Court finds this argument unpersuasive.

7    The Court heard testimony that the difference simply reflects a calculation of the debt using

8    different interest rates.  Rexford's books and records make references to an interest rate of 3.00%

9    between the years 2002 and 2005, but Lee seeks to apply the interest rate provided in the Lee Note

10    of 4.29% from the inception of the debt.  The Court addresses separately, in the following section,

11    whether this is the appropriate calculation.  Suffice it to say here, the Court is not persuaded that

12    the difference in calculation of the debt as between the Lee Note and Exhibit A to POC 18 casts

13    any doubt on the legitimacy of the underlying debt.

14    **C.  The Recalculation of Interest Accrued Before 2009 Is Not Appropriate.**

15    USF&G challenges Lee's recalculation of interest at 4.29% from the inception of the debt

16    in 2000.  The Court finds this objection well taken.  The Lee Note states a principal balance of

17    $1,294,912.02 as of December 11, 2009.  The evidence makes clear that (i) the debt originated in

18    2000 and (ii) that some amount of interest was included in the stated balance when, in 2009, the

19    debt was first memorialized in the Lee Note.  The question is whether Lee may turn back the clock

20    and recalculate the interest accrued prior to December 11, 2009, and effectively restate the balance

21    of the note as of that date.  The Court concludes that it may not.

22    In support of its argument, Lee cites California Civil Code section 1914.  That statute

23    presumes interest whenever a loan of money is made "unless it is otherwise expressly stipulated at

24    the time in writing." But this principle does nothing to advance its argument.  Based on the

25    evidence submitted, it is clear that the December 11, 2009 principal balance stated in the Lee Note

26    included some amount of interest accrued prior to that date.  Further, the Lee Note did not attempt

27    to state the principal balance as of 2000 and provides for an interest rate to be applied thereafter.

28

**MEMORANDUM OF DECISION**

1 Thus, in seeking to recalculate the interest going back to the 2000 inception of the note, Lee

2 effectively asks the Court to rewrite it—something the Court will not do.

3 **V.    CONCLUSION**

4       Lee's claim will be allowed in the amount of $1,294,912.02, plus interest of 4.29%,

5 compounded quarterly, from December 19, 2009 to June 16, 2015.  Lee will be directed to submit a

6 declaration setting forth its calculation of the claim in accordance with this memorandum, and

7 USF&G will have an opportunity to object to such calculation before the Court enters its final order

8 determining the allowed amount of POC 18 as of the Petition Date.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    Date: September 2, 2016

Martin R Barash
United States Bankruptcy Judge

24

25

26

27

28

6
**MEMORANDUM OF DECISION**