**NOT FOR PUBLICATION**

FILED & ENTERED

SEP 02 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Ogier     DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

In re:

REXFORD PROPERTIES, LLC,

          Debtor.

**Case No.: 1:15-bk-12116-MB**

**Chapter 11**

**MEMORANDUM OF DECISION RE: USF&G'S OBJECTION TO CLAIM NO. 21 FILED BY REXFORD DEVELOPMENT OF NEVADA LLC [Dkt. No. 227]**

**MEMORANDUM OF DECISION**

1 On June 20, 2016, the Court held an evidentiary hearing on United States Fidelity & Guaranty Company's ("USF&G") *Motion for Order Granting Trustee's* [sic] *Objection to Claim No. 21 Filed by Rexford Development of Nevada LLC* (the "Motion"). Dkt. No. 227. The Motion requests that the Court disallow the unsecured claim held by Rexford Development of Nevada, LLC ("Rexford of Nevada") of $19,132.78 in its entirety. While not requested in the Motion, at the June 20 hearing, USF&G alternatively requested that the Court reduce Rexford of Nevada's claim rather than disallow it entirely.

The following constitute the Court's findings of fact and conclusions of law pursuant to Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure. For reasons discussed herein, the Court will DENY in part and GRANT in part USF&G's Motion. Rexford of Nevada's claim will be allowed in the amount of $15,000.00, plus interest of 4.29%, compounded quarterly, from December 19, 2009 to June 16, 2015. Rexford of Nevada will be directed to submit a declaration setting forth its calculation of the claim in accordance with this memorandum, and USF&G will have an opportunity to object to such calculation before the Court enters its final order determining the allowed amount of Rexford of Nevada's claim as of the petition date.

## I.    JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a). This matter is a core matter under 28 U.S.C. § 157(b)(2)(A) and (B), and therefore, this Court has the constitutional authority to enter a final ruling on the matter. *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

## II.    FACTS

On June 16, 2015 (the "Petition Date"), Rexford Properties, LLC ("Rexford") filed its petition for relief under chapter 11 of the Bankruptcy Code. Dkt. No. 1. On July 21, 2015, Rexford filed its *Schedule F – Creditors Holding Unsecured Nonpriority Claims* showing a debt due to "Rexford Development of Nevada" in the amount of $15,000.00 for a "Loan (principal only)." Dkt. No 72. On August 4, 2015, the Court entered an order setting a general bar date of September 9, 2015 for creditors to file their claims. Dkt. No. 85.

1
**MEMORANDUM OF DECISION**

On September 9, 2015, Rexford of Nevada filed a timely proof of claim ("POC 21") for an unsecured debt of $19,132.78. POC 21 includes, as exhibits, an installment note dated December 11, 2009 in the sum of $15,000.00 (the "Rexford of Nevada Note"). The Rexford of Nevada Note provides for "interest from December 19, 2009, on the unpaid principal, at the rate of 4.29 percent per annum." POC 21 at Exh. B.

The evidence offered in support of POC 21 shows that the debt memorialized by the Rexford of Nevada Note (the "Rexford of Nevada Debt") originated in 2009. The charts attached to POC 21 reflect that (i) Rexford of Nevada made one loan advance to on September 30, 2009 in the amount of $15,000.00, (ii) Rexford made no payments to Rexford of Nevada, and (iii) interest accrued on the unpaid debt and was reflected in the principal balance stated in the Rexford of Nevada Note in 2009. Lisa Ehrlich[1] testified that Rexford of Nevada's debt was memorialized in December 2009 because a different creditor had demanded that Rexford memorialize its debt, and Lisa Ehrlich thought it "was a very good idea" to memorialize all of Rexford's debts at the same time.

The testimony confirms that Rexford of Nevada calculated the balance of POC 21 as of the Petition Date by reviewing Rexford's general ledgers and calculating interest at 4.29% from the inception of loan in September 2009. This exercise resulted in a claim balance of $19,132.78. Notably, however, the Rexford of Nevada Note provides for interest to accrue on the unpaid principal thereunder "from December 19, 2009." Nothing on the face of the Rexford of Nevada Note indicates that any interest was to be added to the balance of the note for any period prior to December 19, 2009.

### III.    APPLICABLE LAW

A claim is deemed allowed unless a party in interest in interest objects. 11 U.S.C. § 502(a). If such objection is made, after notice and a hearing, the Court shall allow the claim except to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any

---

[1] Lisa Ehrlich is both Rexford's managing member and Rexford of Nevada's managing member. Lisa Ehrlich also signed POC 21.

agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1).

A proof of claim executed in accordance with Fed. R. Bankr. P. 3001 "constitutes prima facie evidence of the validity and amount of the claim." *Lundell v. Anchor Const. Specialists, Inc.,* 223 F.3d 1035, 1039 (9th Cir. 2000) (quoting *Wright v. Holm (In re Holm),* 931 F.2d 620, 623 (9th Cir.1991)). The proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." *Id*. A successful objection to claim must provide sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Id.* (quoting *In re Holm*, 931 F.2d at 623).

The evidence provided, if believed, must "refute at least one of the allegations that is essential to the claim's legal sufficiency." *Id.* at 1040. However, where the proof of claim omits an essential element of the substantive claim, the objector "need only note the absence of any such showing, and does not require evidence in support." *In re Atwood*, 293 B.R. 227, 233 (B.A.P. 9th Cir. 2003). If sufficient evidence is produced, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995).

### IV.    LEGAL ANALYSIS

The Motion requests that POC 21 be disallowed in its entirety for two reasons. First, USF&G contends that the Rexford of Nevada Debt is actually debt belonging to Lisa Ehrlich, individually, and not Rexford. Second, USF&G argues that Rexford's books and records do not support a debt due from Rexford to Rexford of Nevada in the amount reflected in POC 21. While the Motion does not request a reduction of the Rexford of Nevada Debt, at the June 20, 2016 hearing, USF&G requested that if the Court was not inclined to disallow POC 21 in its entirety, the Court should reduce the Rexford of Nevada Debt from $19,132.78 to the principal amount provided for in the Rexford of Nevada Note, $15,000.00.

### A. The Rexford of Nevada Debt is a Debt Incurred by Rexford, Not Lisa Ehrlich.

The Motion contends that the Rexford of Nevada Debt actually belongs to Lisa Ehrlich, individually, and that it is not Rexford's debt. USF&G argues that there is absolutely no mention of Rexford anywhere in Rexford of Nevada Note. Moreover, the Rexford of Nevada Note is signed by Lisa Ehrlich and states, "*I* promise to pay REXFORD DEVELOPMENT OF NEVADA LLC . . . ." (emphasis added). However, the Court finds USF&G's argument unpersuasive. Lisa Ehrlich testified that the Rexford of Nevada Debt was always intended to be Rexford's debt and that Court found that testimony credible. Accordingly, the Court finds that USF&G has failed to rebut the prima facie presumption that POC 21 is valid.

### B. Rexford's Books & Records Support the Validity of the Rexford of Nevada Debt.

The Motion further contends that the books and records of Rexford do not support the amount of the claimed in POC 21. USF&G argues that as of December 31, 2013, Rexford's books and records showed and obligation due and owing to Rexford of Nevada in the amount of $15,000.00. USF&G attempts to cast doubt on the legitimacy of the debt by arguing that the discrepancy between the amount claimed in POC 21 and the amount stated due and owing on December 31, 2013 cannot be explained solely by the accumulation of interest. On this basis, USF&G requests that the Court disallow POC 21 in its entirety. But the Court finds this argument unpersuasive.

The Court heard testimony that the difference simply reflects a calculation of the debt using an interest rate of 4.29% from the inception of the debt. The Court addresses separately, in the following section, whether this is the appropriate calculation. Suffice it to say here, the Court is not persuaded that the difference in calculation of the debt as between the Rexford of Nevada Note and Exhibit A to POC 21 casts any doubt on the legitimacy of the underlying debt.

### C. The Recalculation of Interest Accrued Before December 19, 2009 Is Not Appropriate.

USF&G challenges Rexford of Nevada's recalculation of interest at 4.29% from the inception of the debt in September 2009. The Court finds this objection well taken. The Rexford

4
**MEMORANDUM OF DECISION**

of Nevada Note states a principal balance of $15,000.00 as of December 11, 2009.  The evidence makes clear that (i) the debt originated in September 2009 and (ii) no amount of interest was included in the stated balance when, on December 11, 2009, the debt was first memorialized in the Rexford of Nevada Note.  The question is whether Rexford of Nevada may turn back the clock and recalculate the interest accrued prior to December 11, 2009, and effectively restate the balance of the note as of that date.  The Court concludes that it may not.

In support of its argument, the 1979 Trust cites California Civil Code section 1914.  That statute presumes interest whenever a loan of money is made "unless it is otherwise expressly stipulated at the time in writing." But this principle does nothing to advance its argument.  Based on the evidence submitted, it is clear that the December 11, 2009 principal balance stated in the Rexford Note expressly did not include interest accrued prior to that date.  Further, the Rexford of Nevada Note did not attempt to state the principal balance as of September 2000 and provides for an interest rate to be applied thereafter.  Thus, in seeking to recalculate the interest going back to the September 30 2000 inception of the note, Rexford of Nevada effectively asks the Court to rewrite it—something the Court will not do.

### V.   CONCLUSION

Rexford of Nevada's claim will be allowed in the amount of $15,000.00, plus interest of 4.29%, compounded quarterly, from December 19, 2009 to June 16, 2015.  Rexford of Nevada will be directed to submit a declaration setting forth its calculation of the claim in accordance with this memorandum, and USF&G will have an opportunity to object to such calculation before the Court enters its final order determining the allowed amount of POC 21 as of the Petition Date.

Date: September 2, 2016

_____
Martin R Barash
United States Bankruptcy Judge